UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHOREBANK, an Illinois banking
corporation,

    Plaintiff,

Case No. 1:09-cv-00306

v.

Hon. Paul L. Maloney
Chief U.S. District Judge

BAYVIEW APARTMENTS, LLC,
a Michigan limited liability company,
and MARK J. HAUSNER, individually,
jointly and severally,

    Defendants.

_____/

Julie Beth Teicher (P34300)
David H. Freedman (P40567)
ERMAN, TEICHER, MILLER,
ZUCKER & FREEDMAN, P.C.
Attorneys for Plaintiff
400 Galleria Officentre, Ste. 444
Southfield, MI 48034
Phone: 248-827-4100
Fax: 248-827-4106
jteicher@ermanteicher.com
dfreedman@ermanteicher.com

John Sharp (P29042)
STROBL & SHARP, P.C.
Attorney for Defendants
300 East Long Lake Rd., Ste. 200
Bloomfield Hills, MI 48304
Phone: 248-540-2300
Fax: 248-645-2690
jsharp@stroblpc.com

## JUDGMENT OF FORECLOSURE AND OTHER RELIEF

THIS MATTER is before the Court on Plaintiff ShoreBank's ("ShoreBank") Motion for Default Judgment as to Counts III and IV of Amended Verified Complaint (the "Motion"). The Court finds that Defendants Bayview Apartments, LLC ("Bayview") and Mark J. Hausner ("Hausner") have been served with the Amended Verified Complaint, the Court's Entry of Default, and the Motion [Docket No.'s 35, 46, and 49] by virtue of their attorneys' appearance in this proceeding, and further, that no response to the Motion has been filed. The Court has reviewed Motion and supporting affidavits, is otherwise fully advised in the premises and states as follows:

    A.    On March 30, 2009, ShoreBank filed its Verified Complaint [Docket No. 1] against Defendants on two counts: Count I, Breach of Guaranty against Defendant Hausner, and Count II, Action for Receiver.

    B.    On March 30, 2009, ShoreBank filed its Verified Emergency Motion for Appointment of Receiver for Assets and Property of Defendant Bayview Apartments, LLC. On April 15, 2009, the Court entered an Order Appointing Receiver [Docket No. 18] (the "Receivership Order") appointing Unified Management Services, LLC d/b/a Midwest Management Services as Receiver over the Property (defined below).

    C.    On July 31, 2009, ShoreBank filed its Motion for Leave to File Amended Verified Complaint (the "Motion") seeking leave to file an Amended Verified Complaint which would add Count III, Breach of Contract, and Count IV, Judicial Foreclosure to the originally filed Complaint.

    D.    On August 13, 2009, Defendants filed their Notice of Non-Opposition to the Motion in which Defendants stated that they did not oppose the relief sought in the Motion. On

August 17, 2009, the Court entered its Order Granting ShoreBank's Motion for Leave to File Amended Complaint. ShoreBank filed its Amended Verified Complaint on August 19, 2009.

E. Defendants failed to answer or otherwise respond to the additional counts of Breach of Contract and Judicial Foreclosure that were pled in the Amended Verified Complaint within the applicable time period and the Court's Entry of Default was entered on November 30, 2009.

F. On December 7, 2009, ShoreBank filed its Motion for Default Judgment and supporting affidavits. The Court has reviewed the same and has granted the Motion for Default Judgment.

E. This Judgment pertains to certain real estate (the "Property") located in the City of Lansing, County of Eaton, State of Michigan, being more particularly described as:

> Out Lot E, River's Edge Subdivision No. 1, City of Lansing, Eaton County, Michigan, according to the recorded plat thereof, as recorded in Liber 4 of Plats, Eaton County Records.
>
> Street Address: 3501-3615 Bayview Drive
> Parcel ID No.: 23-50-40-36-226-011

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The Promissory Note (Construction and End Mortgage Loan) dated August 1, 2006 payable to the order of the Bank dated August 1, 2006 in the principal amount of $3,500,000.00, as amended by an Amendment to Loan Agreement and Note on February 29, 2008 (collectively "Note") executed and delivered to ShoreBank by Defendant Bayview Apartments, LLC, is a valid, enforceable and binding obligation of Defendant Bayview Apartments, LLC.

2. The Mortgage (the "Mortgage") on the Property granted to ShoreBank by Defendant Bayview Apartments, LLC, dated August 1, 2006 and recorded with the Eaton County Register of Deeds on August 18, 2006, Liber 2058, Page 1085, is a valid, enforceable and binding first priority mortgage and lien, prior and superior to all other interests, if any, in and to the Property.

3. The Security Agreement (the "Security Agreement") granting ShoreBank a first priority blanket lien and security interest in and to substantially all of Defendant Bayview Apartments, LLC's assets, dated August 1, 2006, the related financing statement filed with the Michigan Department of State, UCC Division, Document No. 2006136272-2 on August 7, 2006, and the related financing statement recorded with the Eaton County Register of Deeds on August 18, 2006, Liber 2058, Page 1110, is a valid, enforceable and binding first priority security interest and lien, prior and superior to all other interests, if any, in and to the Property.

4. Defendant Bayview Apartments, LLC is in default of the Note, Mortgage and Security Agreement for failure to pay principal, interest and other costs due as required by the Note, Mortgage and Security Agreement.

5. ShoreBank is granted a money judgment against Defendant Bayview Apartments, LLC, in the amount of $3,917,109.95 as of December 10, 2009, plus additional interest, attorney's fees and costs, as well as receivership expenses accrued from and after April 15, 2009 through the date of entry hereof. The Judgment shall bear interest at the statutory money judgment rate. The Judgment shall also include payments for real estate taxes and insurance premiums for which Defendant Bayview Apartments, LLC has liability; and recording fees, attorney's fees and other costs incurred by ShoreBank in enforcing its rights under the loan documents until such time as the Judgment is paid in full.

6. If the full amount of the money judgment (as provided in paragraph 5 above) is not paid by Defendant Bayview Apartments, LLC on or before February 25, 2010, then ShoreBank is granted a Judgment of Foreclosure, and the Property may be foreclosed and sold by ShoreBank at public auction[1], as follows:

   a. written notice of sale shall be initiated not less than forty-two (42) days before the date of sale and published once each week for five successive weeks in a newspaper printed in Eaton County, which publication may begin no sooner than February 26, 2010.

   b. written notice of sale containing the name of the city in which the Property is located, and its common street address and legal description shall be posted in three public places in the City of Lansing on any one day which is no later than six weeks prior to the public sale.

   c. thereafter, the Property shall be sold as one unit and not in any separate parcels at public sale by or under the direction of the Clerk/Sheriff for the County of Eaton, free and clear of all easements, liens, interests, encumbrances and claims arising since August 18, 2006, the date the Mortgage was recorded with the Eaton County Register of Deeds, and all easements, liens, interests, encumbrances and claims made thereafter, shall be extinguished and cutoff subject only to statutory rights of redemption.

   d. the Clerk/Sheriff shall execute a deed to the purchaser of the Property after such sale which meets the requirements of and shall be filed with and recorded by

---

[1] The Amended Verified Complaint, which added the ShoreBank's Judicial Foreclosure count, was filed August 19, 2009. The February 25, 2010 date by which Defendant Bayview Apartments, LLC must pay the judgment amount is more than six months after the Amended Verified Complaint was filed. ShoreBank may not proceed with foreclosure prior to this date.

the Eaton County Register of Deeds in accordance with MCL § 600.3130 and which shall be accompanied by affidavit(s) of posting and publication.

  e. If the purchaser of the Property is someone other than ShoreBank, the Clerk/Sheriff shall pay the proceeds of the sale first to costs and expenses of sale, and then to ShoreBank, or so much of the amount realized from such proceeds as will pay the total sum then due ShoreBank under the money judgment, together with interest and costs; and deposit any surplus monies arising from the sale over and above the balance due ShoreBank into the Court subject to further order of this Court.

  7. The clerk/sheriff shall file a Report of Sale and ShoreBank or the purchaser at sale may apply for confirmation of the Report of Sale.

  8. If the purchaser of the Property is ShoreBank pursuant to a credit bid, there shall be a six (6) month redemption period. This Court shall have continuing jurisdiction during the six (6) month redemption period.

  9. In addition to the amount above adjudged due to ShoreBank, Defendant Bayview Apartments, LLC shall pay ShoreBank upon redemption of the Property, any sum or sums paid at any time after entry of this Judgment and prior to expiration of the period of redemption, for real property taxes assessed against the Property and for casualty and liability insurance maintained for the Property, and ShoreBank must file appropriate affidavits with the Eaton County Register of Deeds with respect to such payments.

  10. The foreclosure sale conducted in accordance with this Judgment shall be and stand confirmed upon the filing by ShoreBank or by the purchaser at the sale of an Order Confirming Sale signed by ShoreBank or purchaser or their attorney and stating that said sale will

be and stand confirmed as reported unless cause to the contrary is shown eight (8) days thereafter, together with Proof of Service of said order on all attorneys who have appeared of record in this cause. Upon expiration of the time so limited without sufficient cause having been shown, the Order Confirming Sale shall be entered and the sale confirmed.

11. Six (6) months after the date of the foreclosure sale, Defendant Bayview Apartments, LLC, all persons and entities claiming from or under it, and all other persons allowed by statute to effect redemption of the Property from the foreclosure sale, shall be forever barred and foreclosed of and from all equity of redemption, and any other claim of, in and to the Property so sold which shall not, prior to that time, been timely redeemed from the sale. All persons or entities who wish to exercise a right of redemption may contact counsel for Plaintiff ShoreBank identified on the first page of this Judgment in writing to determine the amount required to redeem the Property from the foreclosure sale.

12. If the Property is not timely redeemed within such six (6) month redemption period, then anytime on or after 5:00 p.m. of the day on which the six (6) month redemption period expires, (a) ShoreBank shall be the fee simple owner of the Property, shall have full and complete right, title and interest in and to the Property, and full and complete possession of the Property, and any parties to this lawsuit who may be in possession of the Property, or any part thereof, any person or entity who, since the commencement of this lawsuit has come into possession, shall deliver possession to ShoreBank on production of the deed of the Clerk/Sheriff and a copy of this Court's Order Confirming Sale, and (b) all easements, liens, interests, encumbrances and claims (other than for real estate taxes) made on the Property from August 18, 2006 through the expiration of the redemption period, will be automatically be extinguished and discharged.

13. The Receivership Order is unaffected by this Judgment. The Receivership and the Receivership Order shall continue in force until further order of the Court. The Receiver shall continue to perform as receiver in affordance with, and have all powers and obligations under the Receivership Order, including, but not limited to, the power to market and sell the Property and related assets, and convey the Property and related assets.

14. This Judgment is not a final judgment of the balance of this action, and does not close the case.

DATED: December 16, 2009

/s/ Paul L. Maloney
HON. PAUL L. MALONEY
U. S. District Court Judge

F:\BUSINESS\ShoreBank\Bayview\judgment foreclosure.doc