UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SHOREBANK, an Illinois banking corporation,

    Plaintiff,

    v.

BAYVIEW APARTMENTS, LLC,
a Michigan limited liability company, and

MARK J. HAUSNER,
individually, jointly and severally,

    Defendants.

Case No. 1:2009-cv-306

HONORABLE PAUL L. MALONEY

---

# OPINION and ORDER

**Granting Summary Judgment to Plaintiff Against Hausner on Count 1, Breach of Guaranty**

Plaintiff Shorebank's amended complaint asserts four claims. This court previously granted the relief sought by count two (appointment of a receiver for the Bayview apartment complex in Lansing, Michigan) and entered default judgment on count three (breach of contract by defendant Bayview Apartments, LLC ("Bayview")) and count four (judicial foreclosure). For the reasons that follow, the court today will grant Shorebank's unopposed motion for summary judgment on count one, breach of guaranty by defendant Mark J. Hausner ("Hausner").

**BACKGROUND** and **PROCEDURAL HISTORY**

On August 1, 2006, Shorebank lent $3.5 million to defendant Bayview to finance the purchase and renovation of the 136-unit complex known as Bayview Apartments in Lansing ("the real property"). Bayview executed a promissory note and an agreement assigning its rental income to Shorebank. Defendant Hausner executed an unconditional, unlimited personal guaranty of full payment of all Bayview's obligations to Shorebank, under the prom note and otherwise. *See* Amended Complaint filed Aug. 19, 2009 ("Am Comp") ¶¶ 6-7, 12-13, Ex A (Loan Contract & Prom Note), Ex F (Assignment of Rent), Ex G (Hausner Guaranty).

On the same date, Bayview took executed two agreements to secure payment of the note: a mortgage on the real property, and a security agreement which gave Shorebank a first-priority blanket lien and security interest in almost all its assets. *See* Am Comp ¶¶ 8-9 and Exs. B & C.

Within the next three weeks, Shorebank took at least three measures to formalize and implement these safeguards for the payment of the prom note. First, to perfect its security interest and lien in Bayview's assets, Shorebank filed a financing statement with the Michigan Department of State's UCC Division ("the State") on August 7, 2006. *See* Am Comp ¶ 10 and Ex D. Second, to protect its security interest and lien in the real property, Shorebank filed a financing statement with the Eaton County Register of Deeds on August 18, 2006. *See* Am Comp ¶ 11 and Ex E. Third, Shorebank recorded the assignment-of-rent agreement with the Eaton County Register of Deeds. *See* Am Comp ¶ 12 and Ex F.

Shorebank alleges that Bayview failed to make the require principal and interest payments due under the prom note for January, February and March 2009 (total about $79,000) and failed to pay property taxes for 2006, 2007 and 2008, and Hausner has not stepped in under his guaranty to pay those amounts. *See* Am Comp ¶¶ 14-15. As a result, Shorebank alleges, Bayview is in breach

of the prom note and the assignment of rents, and Hausner is in breach of his guaranty. *Id.* Compared to the original loan balance of $3,500,000 in August 2006, the principal balance as of March 18, 2009 is about $3,483,000. Shorebank alleges that Bayview and Hausner owe it the following amounts through March 18, 2009, with additional interest continuing to accumulate:

$69,500 Interest under the prom note through March 18, 2009, Am Comp ¶ 16;

$28,600 Late charges under the prom note, Am Comp ¶ 16;

$19,700 2006 Property Taxes, paid on March 4, 2009, Am Comp ¶¶ 16 & 28

Although Bayview and Hausner did not pay, or deposit any funds into escrow to pay the 2006 property taxes, Shorebank paid those taxes on their behalf. But nobody paid the property taxes for 2007 or 2008, and the amounts due are now about $115,000 and $100,000, respectively, plus interest and fees which continue to accrue. Comp ¶¶ 29-31 and Ex H (2007 Property Taxes).

**Procedural History**

Shorebank filed the complaint and an emergency motion for appointment of a receiver on Monday, March 30, 2009. The complaint presented no federal question. Shorebank asserted two claims under Michigan law: a common-law breach-of-guaranty claim against Hausner, Comp ¶¶ 17-22, and an action for receivership pursuant to MICH. COMP. LAWS §§ 600.2926 and 600.2927 and the common law of waste, Comp ¶¶ 23-37. Shorebank suggests that the court appoint Unified Property Group, LLC ("Unified"), alleging that Unified has significant experience managing apartment complexes in Michigan, both as a receiver and as a company hired by a receiver. *See* Doc. No. 2 (Shorebank's Emergency Motion for Appointment of a Receiver ("P's Mot for Receiver")) at 6 ¶ 31 and Ex F (Unified's profile) and Ex G (Proposed Order Appointing Receiver).

Shorebank also asked the court to then order Bayview to turn over to the receiver all income from the real property and other collateral "except to the extent such income was used for the operation, management and maintenance of the real property." Comp, Prayer for Relief, ¶ c, and to have the receiver rather than Bayview or its employees or agents collect rents, *id.* ¶ d. The court ordered Bayview and Hausner to file a response to the emergency motion by April 10, which they did. *See* Doc. Nos. 5, 8 and 15. After hearing oral argument on April 15, 2009, the court granted Shorebank's motion and appointed Unified as receiver for Bayview Apartments. *See* Doc. Nos. 17-18. Bayview and Hausner filed their answer to the original complaint on April 22, 2009. *See* Doc. No. 19.

Shorebank filed a motion for leave to amend the complaint on July 31, 2009, and Bayview and Hauser filed a response brief on August 13, 2009. *See* Doc. Nos. 28-29 and 31. Magistrate Judge Joseph G. Scoville granted Shorebank leave to amend on August 17, 2009, and Shorebank's amended complaint was deemed filed *instanter*. *See* Doc. Nos. 34-35.[1] Count one is still a claim for breach of guaranty against Hausner, and count two is still a claim for receivership. The amended complaint added a claim for breach of contract against Bayview (count three) and a claim for judicial foreclosure (count four). *See* Am Comp ¶¶ 38-42 and 43-47.

More than three months passed, and Hausner and Bayview did not file an answer or dispositive motion in response to the amended complaint. Accordingly, on November 25, 2009, Shorebank applied for entry of default on the contract and foreclosure claims against Bayview, and

---

[1] On September 24, 2009, Magistrate Judge Scoville entered a jointly stipulated order authorizing the receiver to demolish and/or fill-in the swimming pool at Bayview Apartments. *See* Doc. Nos. 38 and 40. On January 4, 2010, he entered a jointly stipulated order authorizing Shorebank to employ appraisers. *See* Doc. Nos. 52-55.

the Clerk of Court entered default on November 30, 2009. *See* Doc. Nos. 45 and 46. More than two weeks passed, and the defendants did not move to vacate the default or otherwise contact the court. On December 16, 2009, the court entered default judgment on the contract and foreclosure claims. *See* Doc. No. 51. That left only count one, the breach-of-guaranty claim against Hausner, on which plaintiff Shorebank seeks summary judgment.

**LEGAL STANDARD: SUMMARY JUDGMENT**

"Summary judgment is proper if the 'pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law.'" *Portinga v. Taylor*, 2009 WL 910800, *5, – F. Supp.2d –, – (W.D. Mich. 2009) (Maloney, C.J.) (quoting *Patterson v. Hudson Area Schools*, 551 F.3d 438, 444 (6th Cir.) (quoting FED. R. CIV. P. 56(c)), *cert. denied*, – U.S. –, 130 S.Ct. 299 ( 2009); *see also Schreiber v. Philips Display Components Co.*, 580 F.3d 355, 363 (6th Cir. 2009).[2] *Accord Alderman v. JC Dev. Communities, LLC*, 2009 WL 2607084, *1 (Mich. App. Aug. 25, 2009) (p.c.) (P.J. Owens, Servitto, Gleicher) ("Summary disposition is proper when, upon examining the pleadings, admissions and other evidence in the light most favorable to the non-moving party, there

---

[2]

Before the December 2007 amendment, FED. R. CIV. P. 56(c) stated that summary judgment is appropriate if the "'pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Appalachian Railcar Servs., Inc. v. Consumers Energy Co.*, 602 F. Supp.2d 829, 845 (W.D. Mich. 2008) (Maloney, J.) ("ARS") (quoting *Conley v. City of Findlay*, 266 F. App'x 400, 404 (6th Cir. 2008) (Griffin, J.)).

The amendment was stylistic only. *Portinga v. Taylor*, 2009 WL 910800, *5 n.9 (W.D. Mich. Apr. 2, 2009) (Maloney, C.J.) (citing *Dobrowiak v. Convenient Family Dentistry, Inc.*, 315 F. App'x 580, 584 n.4 (6th Cir. 2009) (citing FED. R. CIV. P. 56(c), Adv. Comm. Notes))).

is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.") (citing *Brown v. Brown*, 739 N.W.2d 313, 316 (Mich. 2007)).

The movant has the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law. *ARS*, 602 F. Supp.2d at 845 (citing *Conley*, 266 F. App'x at 404 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). However, if the moving party seeks summary judgment on an issue for which it does not bear the burden of proof at trial – e.g., if the movant is defending against a claim – "it may meet its burden merely by showing 'that there is an absence of evidence to support the moving party's case.'" *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (quoting *Celotex*, 477 U.S. at 323), *reh'g & reh'g en banc denied* (6th Cir. Oct. 23, 2009). *See also Wilson v. Continental Dev. Co.*, 112 F. Supp.2d 648, 654 (W.D. Mich. 1999) (Bell, J.) (movant "need not support its motion with affidavits or other materials 'negating' the opponent's claim"; rather, its initial burden is only to "point out to the district court that there is an absence of evidence to support the nonmoving party's case . . . .") (citing *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339 (6th Cir. 1993)), *aff'd o.b.*, No. 99-2113, 234 F.3d 1271, 2000 WL 1679477 (6th Cir. Nov. 2, 2000). *Accord Claspell v. Denso Mfg. Michigan, Inc.*, 2001 WL 1545684, *2 (Mich. App. Dec. 4, 2001) (p.c.) (P.J. O'Connell, Sawyer, Smolenski) ("That standard is exactly the same as the standard for summary disposition used under Michigan law . . . .").

Once the movant has met its burden, the non-movant must present "'significant probative evidence'" to demonstrate that there is more than "'some metaphysical doubt as to the material facts.'" *ARS*, 602 F. Supp.2d at 845 (citing *Conley*, 266 F. App'x at 404 (quoting *Moore*, 8 F.3d at 339-40)). The non-movant may not rest on the mere allegations of his pleadings. *Griffin v. Reznick*, 609 F. Supp.2d 695, 698 (W.D. Mich. 2008) (Maloney, C.J.) (citing, *inter alia*, FED. R. CIV.

P. 56(e) and *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995)); *see also Transition Healthcare Assocs., Inc. v. Tri-State Health Investors, LLC*, 306 F. App'x 273, 278 (6th Cir. 2009); *accord Kachudas v. Invaders Self Auto Wash, Inc.*, 2009 WL 2767303, *2 (Mich. App. Sept. 1, 2009) (p.c.) (P.J. Wilder, Cavanagh, Murray) ("When the burden of proof at trial would rest on the non-moving party, the nonmovant may not rest upon mere allegations or denials in the pleadings, but must, by documentary evidence, set forth specific facts showing that there is a genuine issue for trial.") (citing *The Healing Place at No. Oakland Ctr. v. Allstate Ins. Co.*, 744 N.W.2d 174, 177 (Mich. App. 2007) (citing, *inter alia*, *Quinto v. Cross & Peters Co.*, 547 N.W.2d 314, 317 (Mich. 1996))).

If the movant puts forward evidence – such as affidavits, purported business records, purported government records, etc. – the other party cannot withstand summary judgment by simply sitting mute and failing to challenge the authenticity, admissibility, or veracity of those documents. *See Leys v. Lowe's Home Ctrs., Inc.*, – F. Supp.2d –, –, 2009 WL 3255597, *2 (W.D. Mich. Oct. 7, 2009) (Maloney, C.J.) (citing *Donoho v. Smith Cty. Bd. of Ed.*, 21 F. App'x 293, 298 (6th Cir. 2001) (Boggs, J.) (affirming summary judgment for employer, Circuit noted that plaintiff's "affidavit does nothing to challenge the evidence put forward by the defendants that the last IEP meeting . . . also included provision to her of the apparently usual verbal and written notices of her rights.")).[3]

---

[3]

*See, e.g., SBA v. McDonald*, 1985 WL 13600, *1 (6th Cir. Aug. 15, 1985) (p.c.) ("Even assuming the checks and money orders were mailed, there is no genuine issue as to their receipt. McDonald offers nothing to dispute the sworn affidavit that payment was not received. Payment does not occur without receipt. Summary judgment was appropriate.");

*US v. One 1983 Mercedes-Benz 380SL*, 1991 WL 276262, *6 (6th Cir. Dec. 20, 1991) ("[C]laimant's verified claim contains a sworn statement by the company's general manager '[t]hat at no time did A.D.E. have any knowledge or reason to believe that the property in which it claims an interest was being used or would be used in violation of the law.' The government has produced nothing to dispute the truth of that assertion. * * * The government has pointed to no facts that would entitle it to defeat A.D.E.'s claim, and A.D.E. is entitled to summary judgment . . . .");

Moreover, the mere existence of an alleged factual dispute between the parties will not defeat an otherwise properly supported summary judgment motion; there be some genuine issue of *material* fact. *ARS*, 602 F. Supp.2d at 845 (citing, *inter alia*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986))). And the non-movant "cannot defeat a properly supported motion for summary judgment motion by 'simply arguing that it relies solely or in part upon credibility determinations.'" *Heggie v. Kuzma*, 2009 WL 594908, *10 (W.D. Mich. Mar. 6, 2009) (Maloney, C.J.) (quoting *Fogerty v. MGM Group Holdings, Inc.*, 379 F.3d 348, 353 (6th Cir. 2004) (non-movant may not "have a trial on the hope that a jury may disbelieve factually uncontested proof")).

The court must accept the non-movant's factual allegations, *ACLU v. NSA*, 493 F.3d 644, 691 (6th Cir. 2007) (concurrence) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)), *cert. denied*, – U.S. –, 128 S.Ct. 1334 (2008),[4] and view the evidence in the light most favorable to the non-movant, giving it the benefit of all reasonable inferences. *Fox v. Eagle Dist. Co., Inc.*, 510 F.3d 587, 592 (6th Cir. 2007) (Griffin, J.); *see also Patterson*, 551 F.3d at 445.[5]

But the court considers its evidence only to the extent that it would be admissible at trial. *ARS*, 602 F. Supp.2d at 845 (citing *Healing Place*, 744 N.W.2d at 177 (citing MICH. CT. R.

---

*Robbins v. Black*, 2008 WL 4146185, *9 (E.D. Ky. Sept. 5, 2008) (Wilhoit, Sr. D.J.) ("Black is also entitled to judgment in her favor. She has stated under oath that she does not remember having any part in his care, and Plaintiff has not contradicted *her affidavit or exhibits*.") (emphasis added) (citing *Humphrey v. USAG*, 279 F. App'x 328 (6th Cir. 2008) (Griffin, J.)).

[4] *Accord Fall v. Loudon*, 2008 WL 375989, *6 (Mich. App. Feb. 12, 2008) (citing *Dolan v. Continental Airlines/Continental Express*, 563 N.W.2d 23, 26 (Mich. 1997)).

[5] *Accord Denha v. Dart Props., Inc.*, 2009 WL 30459, *1 (Mich. App. Jan. 6, 2009) (p.c.) (P.J. Zahra, JJ. O'Connell & Fort Hood) (citing *Walsh v. Taylor*, 689 N.W.2d 506, 511 (Mich. App. 2004) (citing *Spiek v. MDOT*, 572 N.W.2d 201 (Mich. 1998))).

2.116(G)(6) and *Veenstra v. Washtenaw Country Club*, 645 N.W.2d 643, 648 (Mich. 2002))).

Ultimately, entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element to that party's case, and on which that party w[ould] bear the burden of proof at trial." *Davison v. Cole Sewell Corp.*, 231 F. App'x 444, 447 (6th Cir. 2007) (quoting *Celotex*, 477 U.S. at 322).[6] "As Chief Judge Bell has characterized the post-trilogy summary-judgment standard, '[w]hile preserving the constitutional right of civil litigants to a trial on meritorious claims, the courts are now vigilant to weed out fanciful, malicious, and unsupported claims before trial.'" *Ellis v. Kaye-Kibbey*, 581 F. Supp.2d 861, 874 (W.D. Mich. 2008) (Maloney, C.J.) (quoting *Wilson*, 112 F. Supp.2d at 654).

**DISCUSSION**

Hausner has not filed an answer to the amended complaint or a motion seeking dismissal of count one, nor has he filed a response to Shorebank's motion for summary judgment on count one.

---

[6]

A trilogy of 1986 Supreme Court decisions "made clear that, contrary to some prior precedent, the use of summary judgment is not only permitted but encouraged in certain circumstances . . . ." *Collins v. Assoc'd Pathologists, Ltd.*, 844 F.2d 473, 475-76 (7th Cir. 1988). *Accord In re Fin. Federated Title & Trust, Inc.*, 347 F.3d 880 (11th Cir. 2003) (the trilogy "encourage the use of summary judgment as a means to dispose of factually unsupported claims.");

*Hurst v. Union Pacific Rail Co.*, 1991 WL 329588, *1 (W.D. Okla. 1991) ("This trilogy of cases establishes that factual and credibility conflicts are not necessarily enough to preclude summary judgment and encourage that a summary judgment be used to pierce the pleadings and determine if there is in actuality a genuine triable issue."), *aff'd*, 958 F.2d 1002 (10th Cir. 1992);

*Bowser v. McDonald's Corp.*, 715 F. Supp. 839, 840 (S.D. Tex. 1989) (the trilogy "encouraged federal district courts to use summary judgment more frequently and economically by changing the movant's burden of production . . . and by allowing qualitative review of evidence") (citations omitted).

Accordingly, Hausner has not contested any of the factual allegations of count one of the amended complaint, nor has he contested any of the legal propositions advanced in Shorebank's motion. Accordingly, given that plaintiff Shorebank has provided documentary evidence – whose authenticity, admissibility and accuracy have not been challenged by the defendants – to support each of the factual allegations in its amended complaint, and absent any evidence or allegation to the contrary, the court adopts the factual allegations of the amended complaint and the legal arguments advanced in Shorebank's motion.

Specifically, Hausner has not shown any genuine issue as to whether (1) Bayview signed the August 1, 2006 Loan Agreement and the February 29, 2008 Amendment thereto, as shown in Exhibit A to Shorebank's motion; (2) Bayview executed the August 1, 2006 Promissory Note in favor of Shorebank in the amount of $3.5 million, and the February 29, 2008 amendment thereto, as shown in Exhibit A to Shorebank's motion; (3) to secure payment of the note, Bayview executed a mortgage on August 1, 2006, encumbering and pledging the real property described in Exhibit B to Shorebank's motion; (4) that mortgage was duly recorded with the Eaton County Register of Deeds on August 18, 20906, on Page 1085 of Liber 2058; (5) Bayview executed a Security Agreement and Assignment of Leases and Rents; (6) as further security for payment of the prom note, Hausner executed in favor of Shorebank an irrevocable, unconditional, unlimited guaranty of Bayview's payment and performance of all of its debts and obligations to Shorebank ("the guaranty"), as shown in exhibit C to Shorebank's motion; (7) Bayview has failed to pay Shorebank amounts due under the prom note, including payments for January-March 2009 totaling $79,309.53; (8) Bayview has failed to pay property taxes due on the real property for tax years 2006, 2007 and 2008, as attested in the affidavit of Beverly V. Lloyd attached as exhibit D to Shorebank's motion;

(9) Shorebank paid $19,691.93 in property taxes owed on the real property on behalf of Bayview for the tax year 2006; and (10) Hausner has not paid any of the aforesaid due amounts.

As a matter of law, Hausner has not contended that any of the aforementioned agreements was void, unenforceable, or voidable; that any of the aforementioned agreements should be interpreted differently than Shorebank has interpreted them according to their plain, unambiguous language; that he has any defense to enforcement of the guaranty; or that he is not in breach of his guaranty.[7] Consequently, Shorebank is entitled to summary judgment on count one, breach of

---

[7]

In his answer to the original complaint, Hausner alleged that Shorebank never made a demand against the guaranty. *See* Ans to Orig Comp ¶¶ 5 and 18-19. This is of no avail to Hausner, however, because that answer is defunct and lacks any legal force. Shorebank's filing of the amended complaint (with leave of court) automatically superseded the original complaint. *See Ellis v. Kaye-Kibbey*, 2008 WL 5744072, *5 (W.D. Mich. May 14, 2008) (Maloney, C.J.) (citing *Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 702 (1982) (White, J., concurring in part and dissenting in part on other grounds, joined by Powell, Rehnquist, and O'Connor, JJ.). "[A]n amended complaint supplants the original complaint and becomes the only live complaint in a civil case . . . ." *US v. Goff*, 187 F. App'x 486, 492 (6th Cir. 2006) (Richard Allen Griffin, J.). In other words, the amendment rendered the original complaint a nullity, *see B&H Med., LLC v. ABP Admin., Inc.*, 526 F.3d 257, 268 n.8 (6th Cir. 2008) (citations omitted), and Hausner did not file any answer or other response to the *amended* complaint. Statements or denials made in an answer to a superseded complaint do not survive and "carry over" to the later amended complaint. Thus, whatever allegations or denials Hausner made in his answer to the original complaint no longer exist.

In any event, as Shorebank points out, in the guaranty Hausner expressly stated that he "unconditionally and irrevocably waives each and every defense which under the principles of guaranty or suretyship law would otherwise operate to impair or diminish the liability of Guarantor for the Indebtedness", MSJ on Count 1 at 6 (quoting Ex D ¶ 3). Hausner has not identified any Michigan authority suggesting that this waiver cannot or should not be enforced against him under the circumstances, and the court locates no such authority.

(Shorebank cites *Morris v. Comerica Bank*, No. 245563, 2004 WL 1801034, *5 (Mich. App. Aug. 12, 2004) (p.c.) (P.J. Cavanagh, Jansen, Saad), *app. denied*, No. 127388, 473 Mich. 881, 699 N.W.2d 698 (Mich. July 26, 2005) (table), for the proposition that such waivers are enforceable under Michigan common law, but the Michigan Court of Appeals was applying *Illinois* law to that issue due to a contractual choice-of-law clause. *See Morris*, 2004 WL 1801034 at *5 (citations to Illinois decisions omitted). Shorebank also cites *L. Perrigo Co. v. Robins*, No. 1:2008-cv-348, 2009

guaranty by Hausner.

## **ORDER**

Plaintiff Shorebank's motion for summary judgment on count one of the amended complaint (breach of guaranty by defendant Hausner) **[document # 47] is GRANTED**.

The oral argument previously scheduled for May 3, 2010 is **VACATED**.

No later than Monday, March 8, 2010, the Plaintiff shall file (1) a notice listing the amount of each component of relief, e.g., unpaid monthly payments by month, reimbursement of property taxes paid by the plaintiff, interest, late charges, attorneys fees and costs, etc., and (2) a proposed Judgment. The notice shall specify the contractual or statutory provision which authorizes or requires each component of the relief. Defendants will have 14 days to object to the notice with specific reasons outlined. In the absence of an objection, the notice will be entered as the Judgment of the Court. Objections will be resolved without oral argument.

If the parties cannot agree on a proposed Judgment, they **SHALL FILE** a notice stating their respective positions, and the matter will be referred to the Magistrate Judge for resolution.

---

WL 2095990, *3 (W.D. Mich. July 14, 2009) (Carmody, U.S.M.J.), but that opinion does not cite or discuss Michigan law, and it is not clear whether the dispute there was resolved under Michigan law. But again, fortunately for Shorebank, Hausner has not attempted to identify any Michigan law suggesting that his waiver of defenses is not valid and enforceable, and this court finds none.)

Finally, even if Hausner had filed an answer to the amended complaint which reasserted his allegation that Shorebank never made a demand against his guaranty, the guaranty would still be enforceable against him. The guaranty signed by Hausner expressly provided that "[t]he making of a demand, or absence of a demand, for payment of the Indebtedness, or giving, or failing to give, any notice of dishonor, protest, presentment or non-payment or any other notice" does not impair or diminish his liability under the guaranty. *See* P's MSJ, Ex D ¶ 3(g). Hausner has not attempted to identify any Michigan authority suggesting that such a provision is not enforceable, either generally or under these circumstances, and the court finds none.

This is <u>not</u> a final and immediately-appealable order.[8]

**IT IS SO ORDERED** on this  22nd  day of January 2010.

                                                               /s/ Paul L. Maloney
                                                               Honorable Paul L. Maloney
                                                               Chief United States District Judge

---

[8] Even after this court enters final judgment, today's order granting summary judgment to plaintiff on count one may not be appealable. *See Humphrey v. USAG*, 279 F. App'x 328, 331 (6th Cir. 2008) (Griffin, J.) ("It is well settled that this court will not consider arguments raised for the first time on appeal unless our failure to consider the issue would result in a plain miscarriage of justice. Thus, where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived.") (citing, *inter alia*, *Resnick v. Patton*, 258 F. App'x 789, 790-91 n.1 (6th Cir. 2007) (citing *Hood v. Tenn. Student Assistance Corp.*, 319 F.3d 755, 760 (6th Cir. 2003))).